IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGEL MARCELINO NUNEZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-0040-L-BD |
| | § | |
| MAUREEN CRUZ, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Angel Marcelino Nunez, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be summarily dismissed as duplicative.

I.

On January 13, 2003, petitioner was sentenced to five years in prison following his conviction on state drug charges. A federal grand jury had previously indicted petitioner for various drug-related offenses, including conspiracy to possess with intent to distribute methamphetamine and conspiracy to commit money laundering. On or about September 9, 2003, the U.S. Marshals Service assumed temporary custody of petitioner pursuant to a writ of habeas corpus *ad prosequendum*.[1] Petitioner pled guilty to the federal drug charges and, on April 14, 2004, was

---

[1] Federal prison regulations provide that time spent in federal custody pursuant to a writ of habeas corpus will not, in itself, be considered for the purpose of determining custody credits. This is because the primary reason for custody is not the federal charge. Rather, it is considered that the federal court "borrows" the defendant under the provisions of the writ for the purpose of making his court appearance. *See Sentencing Computation Manual*, P.S. 5880.28 (CCCA 1984).

sentenced to a total of 121 months confinement.  The judgment does not specify whether petitioner's federal sentence runs concurrent with or consecutive to his state sentence.  Immediately following his federal sentencing, petitioner was returned to state prison.  When petitioner was paroled on March 29, 2005, he was transferred to federal custody and began serving his federal sentence.

In 2008, petitioner filed an application for writ of habeas corpus in federal district court seeking credit on his federal sentence for all time spent in state custody -- both before and after his federal sentencing.  The court denied relief on the merits.  *See Nunez v. Berkebile*, No. 3-08-CV-1710-N, 2008 WL 5220282 (N.D. Tex. Dec. 12, 2008), *appeal dism'd*, No. 09-10661 (5th Cir. Sept. 22, 2009).  Dissatisfied with that result, petitioner again seeks habeas relief on essentially the same grounds.

II.

A district court may dismiss a complaint filed by a prisoner seeking redress from a governmental entity or employee if it concludes that the action is frivolous or malicious.  28 U.S.C. § 1915A(b).  An action is frivolous if it lacks an arguable basis in either law or fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).  A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory.  *See Neitzke*, 109 S.Ct. at 1831.  A claim may be deemed to lack an arguable basis in fact only if it is based upon factual allegations that are clearly fanciful or delusional in nature.  *See Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  A complaint that duplicates claims asserted in an earlier action may be deemed malicious and subject to summary dismissal.  *See Brock v. Cockrell*, No. 3-03-CV-0340-M, 2003 WL 21418792 at *1 (N.D. Tex. Mar. 26, 2003).

This is the second writ filed by petitioner seeking credit on his federal sentence for time spent in state custody.  Relief in the prior case was denied on the merits.  Both cases seek habeas relief on

essentially the same grounds.[2]  Consequently, the instant case should be summarily dismissed as

duplicative under 28 U.S.C. § 1915A(b).  *Id.*; *see also Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.

1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 110 S.Ct. 417 (1989).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be summarily dismissed as

duplicative.

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found.  An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2]  In the prior action, petitioner sought credit on his federal sentence for time spent in state custody from September 9, 2003, when federal authorities assumed temporary custody under a writ of habeas corpus *ad prosequendum*, and March 29, 2005, when petitioner was transferred to federal custody following his release to state parole.  In the instant case, petitioner also seeks credit on his sentence dating back to July 9, 2002, when he was indicted on federal drug charges.

DATED:  January 6, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE