IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANGEL MARCELINO NUNEZ,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-0040-L |
| | § | |
| **MAUREEN CRUZ, Warden** | § | |
| **FCI-Seagoville,** | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Angel Marcelino Nunez's Petition for Writ of Habeas Corpus, filed January 5, 2012. The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings and Recommendation of the United States Magistrate Judge ("Report") on January 6, 2012. Petitioner filed objections to the Report on January 26, 2012.

Angel Marcelino Nunez ("Petitioner" or "Nunez") first objects to the Report because it does not address "on the merits" his contention that his state and federal cases are so closely related that he should receive credit on his federal sentence for time spent in state custody. Nunez specifically objects to the statement in the Report (relating to his habeas petition filed September 25, 2008) that "[r]elief in the prior case was denied on the merits. Both cases seek habeas relief on essentially the same grounds." Report at 2. Petitioner also states that his current petition only seeks credit for time spent in state custody *after* his federal sentence was imposed and is "based on evidence he did not have at the time of his first petition." Objections at 2. Petitioner provides as evidence the response provided to him regarding his Administrative Remedy Appeal that denied his request for credit for time spent serving his state sentence; the docket sheet for his federal criminal case, No. 6:02-cr-00105-WSS-11, in which he was adjudged guilty of conspiracy to possess with intent to distribute

**Memorandum Opinion and Order - Page 1**

methamphetamine and conspiracy to commit money laundering; the presentence report in relation to his federal criminal case; his current Memorandum of Points and Authorities in Support of Petition for Writ of Habeas Corpus; the Drug Enforcement Administration Report of Investigation in relation to his federal criminal case; and Judgment in his state criminal case.

The court determines that the essential documents listed above were available to Petitioner at the sentencing stage or, alternatively, at the time his first petition for writ of habeas corpus was filed. Petitioner's objections should have been raised at sentencing or in his 2008 petition. Nevertheless, to the extent Petitioner requests credit for the time he was in state custody following his federal sentencing, this issue was squarely addressed in relation to his 2008 petition for habeas corpus relief. *See Nunez v. Berkebile,* No. 3-08-CV-1710-N, 2008 WL 5220282, at * 2 (N.D. Tex. Dec. 12, 2008), *appeal dism'd*, No. 09-10661 (5th Cir. Sept. 22, 2009) ("Absent an indication by the federal sentencing court that it intended for petitioner to serve his federal and state sentences concurrently, the BOP [Bureau of Prisons] had discretion to deny such a request."). Accordingly, Petitioner's request is duplicative.

Petitioner urges the court to consider that his state and federal offenses for which he is serving consecutive sentences are related offenses. "It is well-established that a defendant may be prosecuted and sentenced by both federal and state governments if the defendant's criminal conduct violates the laws of each sovereign." *United States v. Brown*, 920 F.2d 1212, 1216 (5th Cir. 1991) (emphasis added), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006) (citation omitted). "Whether a sentence imposed should run consecutively or concurrently is committed to the sound discretion of the district court, subject to consideration of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (citation omitted). Although silent as to the service

of Petitioner's federal sentence in the Judgment and Commitment Order, the federal sentencing court has since confirmed that it did not intend for Petitioner to serve his federal and state sentences concurrently. In denying Petitioner's request for *nunc pro tunc* relief, the sentencing judge wrote:

> Movant was given due consideration through being allowed to plead to charges in a superseding information which eliminated any possible mandatory minimum sentence, and he was granted a six-level downward departure at sentencing due to his cooperation with the Government. *Any additional request to have his federal sentence run concurrent[ly] with a state conviction would not have been granted.*

*Nunez v. United States*, No. W-08-CA-030, Order at 3 (W.D. Tex. Feb. 7, 2008) (emphasis added). Accordingly, this court will not disturb the sentence imposed in the discretion of the sentencing court.

Petitioner next takes issue with the Report's statement that "Petitioner's application for writ of habeas corpus should be summarily dismissed as duplicative." Report at 3. Petitioner states that a "summary dismissal does not constitute a decision on the merits." Objections at 4. The court has made a *de novo* review of those portions of the Report to which objection was made.

For the reasons herein stated, Petitioner's objections are **overruled**. After reviewing the pleadings, record in this case, applicable law, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct and **accepts** them as those of the court. The court therefore **dismisses with prejudice** as duplicative Angel Marcelino Nunez's Petition for Writ of Habeas Corpus.

**It is so ordered** this 17th day of February, 2012.

Sam A. Lindsay
United States District Judge